(Shelby Co., O., Court of Common Pleas.)

## THE PEOPLES SAVINGS AND LOAN ASSOCIATION v. HENRY C. ROBERTS, et al.

---

By the amendment of section 3838 Rev. Stat. of 1880 of May 8, 1886 and May 1, 1891, a building and loan association may assess and collect upon a loan of money to a member of such association. a sum as premium, although such sum when added to the interest upon the loan exceeds the legal rate of interest allowed by the statutes of Ohio in other cases; and such excess is not usurious under the provisions of said statute.

Under said amendment the right of such association to so assess and collect does not depend upon the amount of premium which a borrower might bid therefor. The right of the borrower to fix the amount to be paid by him as premium is taken away by said amendments, and the right to fix the amount of premium upon a loan, is conferred upon the association alone, by said amendments.

The decision of the supreme court of Ohio in the case of Bates v. The Peoples' Savings and Loan Association, 42 Ohio St., 655 and prior decisions, being based upon the provisions of the statutes of 1868, which gave to the borrower the right to fix the amount of premium by his bid are not applicable under the statute now in force. (Section 3836-3 Bates Statutes 1897.)

---

RICHIE, J.

This action was brought by the plaintiff against Henry C. Roberts and his wife, and others, for the foreclosure of a mortgage executed by Roberts and wife to the plaintiff upon real estate in the petition described, to secure a loan by plaintiff to Henry C. Roberts of $3,500.00 made on the 22nd day of January, 1895, payable in monthly installments for a period of one hundred and twenty months, of $43.75 each.

The defendant, Henry C. Roberts, filed his answer to said petition in which he admits the loan to him, the execution of the bond and mortgage described in Plaintiffs petition, and sets out the payments made by him upon the same.    He also attaches to his answer the provisions of the constitution and by-laws of the plaintiff association, which confer the authority to make such loan.

In his answer Roberts avers that said loan was usurious in this; that it charged as interest and premium a sum which is in excess of the interest allowed by the laws of Ohio; and that such loan was usurious for the reason that "no premium was ever bid for or in connection with the procuring of said loan."

The provisions of the constitution and by-laws attached to the answer, are, by express averment, made a part thereof; and in argument they are by counsel for both plaintiff and defendant conceded to be parts of said answer.

Section 27 of the by-laws which provides for monthly loans and installments due thereon contains this provision: "Said installments on such loan shall include the interest and premium that might otherwise be bid by the borrower." etc., etc.

Upon a copy of the bond set out in the answer is a table denominated "Redemption Table" upon the basis of a loan of $1,000.00, showing the amount of each payment applied, first to "interest and premium", second, the credit on principal, third, the total credit on principal after each payment is so applied, and fourth, the balance due on principal after each payment is made, for the entire period of one hundred and twenty months.    Below this table is a stipulation signed by the defendant, Henry C. Roberts, the first provision of which is "It is hereby agreed that the several monthly installments by which this loan is to be paid shall be apportioned to principal, interest and premium as shown in above table."

The answer asks that an account be taken of the amount due, the usurious contract set aside, and he be charged with interest upon the loan at six per cent. per annum, after deducting the payments made.

To his answer the plaintiff has interposed a general demurrer.

The contention of the defendant is that the plaintiff could not, under the statutes, although the constitution and by-laws of the corporation contains ample authority, charge against the defendant, any sum as premium unless the sum so charged had been bid by the defendant as a premium for such loan, and cites in support of his contention, Ohio v. Peoples etc. Association, 29 Ohio St., 92; Ohio v. Oberlin B. & L. Association, 35 Ohio St., 258 and Bates v. Peoples etc., Association, 42 Ohio St., 655.

The contention of the plaintiff is that the decision of the supreme court in the cases relied upon by the defendant involved a construction of a statute so widely different

from the provisions of the statute in force at the time that this loan was made as to make those decisions inapplicable to the case at bar.

The original statute passed May 5th, 1868 O. L. V. 65,  173, S. & S. 194, being sec. 3833 Rev. Stat., 1880, provides that such a corporation "may levy, assess and collect from its members such sums of money,  by rates of stated dues, fines, and interest on loans advanced, and premiums bid by members or depositors for the right of precedence in taking loans as the corporation, by its by-laws shall provide." This statute remained in force until the amendment of May 8th, 1886, by which it was provided that such corporation "may levy, assess and collect from its members such sums of money, by rates of stated dues, fines, interest and premiums on loans, or may otherwise raise money, as the corporation by its constitution and by-laws shall provide." 83 O. L. 116.

This amendment retained the following provision contained in the original statute: "But the dues, fines, and premiums so paid by its members or depositors, although in addition to the legal rate of interest on loans taken by it, shall not be construed to make the loans so taken usurious."

By the amendment of this, statute of May 1st, 1891, O. L. V. 88, p. 469, Bates R. S. 1897. (3836-3), under the sub-head of "Powers", the corporation is authoirzed "to assess and collect from members and depositors such dues, fines, interest and premium on loans made, or other assessments, as may be provided for in the constitution and by-laws."  And in lieu of the saving clause against usury the provision is "Such dues, fines, premiums or other assessments shall not be deemed usury, although in excess of the legal rate of interest."

The right of such corporation to a premium under the original section, and as the law stood up to May 8th, 1886, and the amount of such premium depended entirely upon the borrower. The corporation could not fix a premium which would bind those who desired to obtain a loan from the funds of the corporation. The statute gave to the corporation no power to fix premiums. All it could do was to offer its money and the amount bid as a premium by the borrower fixed the amount of the premium. The premium was not upon the money to be loaned, but was for the sole purpose of securing the right to first obtain the money offered. Under this provision of the statute the Supreme Court in 29 Ohio St., 92; 35 Ohio St., 258, and 42 Ohio St., 655, properly held that no premium could be assessed by the corporation; and that no sum could be charged by it, as premium, in excess of the sum actually bid by a borrower, "for the right of precedence in taking a loan, at a competitive sale of such right." Sec. 3d, Syllabi, Bates v. People, etc., association, 42 Ohio St., 655.

If these decisions of the Supreme Court

.furnish a basis for a construction of the statute as amended May 8th, 1886, and May 1st, 1891, which is now in force, there can be but little doubt as to the sum charged as premium in this case being usurious; for no claim is made by the plaintiff in argument that any sum was bid as a premium for the right of precedence in securing the loan, and the answer avers that no such bid was in fact made; and this averment is admitted by the demurrer to be true.

Under the original statute upon which these decisions are based, the corporation might "levy, assess and collect from its members such sums of money, (1) by rates of stated dues, (2) fines, (3) interest on loans advanced, and (4) premiums bid by members or depositors for the right of precedence in taking loans." The corporation, under these provisions of the statute, had the right (1) to fix the "rate of stated dues; (2) the amount of "fines" and (3) the rate of "interest," within the limits prescribed by the statutes fixing the rates of interest in Ohio: And it might "levy, assess and collect" these sums. As to these the borrower was bound by the act of the corporation; and if he desired to obtain an advance of money from the corporation, he must comply with the requirements made by the corporation; but as to the amount of premium which the corporation might "levy, assess and collect" from him, under the broadest construction in favor of the corporation possible, the power of the corporation was limited by the act of the borrower--he fixed and limited by his bid, the amount of such premium, which could be "levied, assessed and collected" from him.

.The statute now in force confers upon the corporation the right "to assess and collect from members and depositors (1) such dues (2) fines, (3) interest and premium on loans made or (4) *other assessments,* as may be provided for in the constitution and by-laws." These powers are to be exercised by the corporation, and by it alone. By no provision of the present statute is the borrower given any voice in fixing the amount of premiums which may be "assessed and collected" from him. There is no material difference between the provisions of the present statute and the amendment of May 8th, 1886, which first denied to the borrower the right to fix, by his bid, the amount of premium he would pay, which right was conferred upon him by the original statute.

The court is constrained to assume that the legislature was advised of the holdings by the supreme court as to the right of the borrower to fix, by his bid, the amount of premium he should pay: and further that the case of Bates v. Peoples, etc., Association decided less than a year before the amendment of May 8th, 1886, was before the legislature for consideration, the supreme court having held that the premium bid by a borrower was not a premium *on the loan,* but was a premium bid *"for the right of precedence in taking a loan, at a competitive sale of such right."*

When under such circumstances the legislature, by an amendment of the statute, which furnished a basis for these decisions, took away from the borrower the right to fix the amount of premium the corporation might "assess and collect" and by plain and unequivocal language, conferred upon the corporation the right to "assess and collect," "not only such dues and fines" but interest and premium on loans made" "but other assessments, as may be provided in the constitution and by-laws," the conclusion is irresistible, that it was the intention of the legislature (1) to deny to the borrower the right to fix the amount of premium on a loan; (2) to confer upon the corporation, alone, the right to fix the amount of premium a borrower should pay and (3) to make the sum charged as a premium, *a premium upon the loan,* and not a premium *"for the right of precedence* in taking a loan, at a competitive sale of such right."

.The statute in force at the time this loan was made authorized the plaintiff to demand of the defendant a sum as premium, which the statute declares is not usurious.

Article ten of the constitution adopted by the plaintiff and under which this loan was made requires that the board of directors "shall prescribe by by-laws * * * * the terms, conditions and securities upon which loans shall be made and canceled.

Section twenty-seven of the by-laws adopted by the corporation provides for making loans for the period of ten years and contains an example upon the basis of a loan of $1,000.00 the monthly dues for one hundred and twenty months, the actual net cost to the borrower for the entire term, and the average cost of the loan per year and provides that "said installments on such loans shall include interest and premium that might otherwise be bid by the borrower."

Section twenty-eight of the by laws provides that loans shall be made in the order of the filing of applications for loans; those first filed to have precedence.

On the back of this bond evidencing the loan to the defendant is a redemption table showing the amount due each month on the basis of a loan of $1,000.00 with the amount to be paid each month, and its application (1) to interest and premium and (2) to principal with the total credit, including each payment, upon the principal, and the balance then due upon the loan.

By the stipulation below this table the defendant over his own signature agreed to accept the loan, make payments on the basis set out in the table, and that so much of each payment should be applied to the payment of *"interest and premium."*

No competitive bid being required by the statute, or by the by-laws of the corporation, and the statute authorizing the assessment of a premium by the corporation and, by express provisions, having declared that such premium is not usurious, and the defendant having by express stipulation, separately signed by him, agreed to pay this

premium, no sufficient reason is apparent why the court should hold that the plaintiff is demanding an usurious rate of interest of the defendant.

The demurrer to the answer is sustained.

Andrew J. Hess, for plaintiff.

S. L. Wicoff and D. Oldman, for defendant.